UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DIANE PYKOR,**

        **Plaintiff,**

**v.**                                                                                **Case No:   8:14-cv-395-T-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

___

## MEMORANDUM OF DECISION

Diane Pykor (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) violating her right to due process during the hearing; and 2) finding her able to perform her past relevant work because his residual functional capacity ("RFC") limitation to "low stress" work was unclear. Doc. No. 19 at 6-10. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

**I.**     **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th

Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (the court also must consider evidence detracting from evidence on which the Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II. <u>ANALYSIS</u>.

### A. Due Process.

At the hearing, Claimant's counsel conducted some questioning. R. 37. The ALJ then asked Claimant a series of questions about her impairments, limitations, past relevant work, and activities of daily living. R. 38-45. The ALJ then proceeded to examine the vocational expert ("VE") without first inviting Claimant's counsel to further examine Claimant. R. 45-46.[1] Thereafter, the ALJ asked Claimant additional questions and concluded the hearing after asking

---

[1] The ALJ did ask Claimant several questions after beginning his examination of the VE. R. 46-49.

the VE a final question.  R. 47-49.  Just before concluding the hearing, the ALJ asked counsel if he had any "follow up?"  R. 49.  Counsel replied negatively and the ALJ closed the record.  *Id*.

Claimant maintains that the ALJ should have invited counsel to examine her after he completed his examination of her.  Doc. No. 19 at 9.  Claimant argues that the ALJ's failure to extend such an invitation violated her right to due process, because she was not afforded the opportunity to develop the record in support of her claim of disability.  *Id*.  In response, the Commissioner argues that Claimant waived this argument because her counsel declined the ALJ's invitation for follow-up questions at the conclusion of the hearing.  Doc. No. 20 at 13.  Additionally, the Commissioner argues that Claimant has not demonstrated that she suffered any prejudice due to the manner in which the ALJ conducted the hearing.  *Id*. at 14.

The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner."  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).  To this end, the ALJ has a duty to develop a full and fair record regardless of whether a claimant is represented by counsel.  *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995).  However, "there must be a showing of prejudice before [the court] will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record."  *Id*. at 935.  To make this determination, the court must consider whether the record reveals evidentiary gaps which result in unfairness or clear prejudice.  *Id*.

The ALJ conducted a thorough examination of Claimant, eliciting testimony about her impairments, functional limitations, past relevant work, and activities of daily living.  R. 37-46.  At no point during the hearing, did the ALJ expressly or implicitly prohibit or dissuade counsel from examining Claimant.  R. 35-49.  In fact, the transcript reveals that counsel did conduct a

brief examination of Claimant. R. 37.[2] Furthermore, at the end of the hearing, the ALJ asked counsel whether he had any follow-up questions, to which counsel responded in the negative. R. 49.[3] Claimant has failed to demonstrate the existence of a rigid requirement that an ALJ must invite counsel to examine the claimant immediately after the ALJ has concluded his or her examination of the claimant (Doc. No. 19), and the Court declines to impose such a rigid requirement. Furthermore, there is nothing in the record to suggest Claimant was prohibited or even discouraged from introducing any testimony or other evidence she wished to offer. Therefore, the Court finds that the hearing comported with the fundamental requirements of procedural due process.

Even if the Court were to assume the ALJ violated Claimant's right to procedural due process, reversal is only warranted if the violation prejudiced Claimant. *Brown*, 44 F.3d at 935. Here, Claimant has not identified, nor can the Court discern, any evidentiary gaps in the record caused by the manner in which the ALJ conducted the hearing that result in unfairness or clear prejudice. Doc. No. 19. As such, the Court finds that Claimant has not demonstrated that she was prejudiced by the alleged violation of her right to procedural due process. *Brown*, 44 F.3d at 935. For these reasons, the Court finds Claimant's due process argument unavailing.

**B. Low Stress.**

Claimant's final argument centers on the ALJ's determination that she is limited to performing "low stress" work. Specifically, Claimant argues that the ALJ's determination that she can perform "low stress" work contravenes the dictates of Social Security Ruling 96-8p ("SSR

---

[2] Although the examination was brief, there is nothing in the record to suggest the brevity was caused by the ALJ. *See* R. 37-38.

[3] Claimant maintains that this invitation was limited to follow-up questions for the VE, and thus does not cure the alleged due process violation. Doc. No. 19 at 9. The Court disagrees with this characterization, since the ALJ's invitation for follow-up questions did not limit the scope of the follow-up questions that counsel could ask. R. 49.

96-8p"), as it does not adequately define what constitutes "low stress" work. Doc. No. 19 at 6. Because of that, Claimant maintains that the ALJ's hypothetical question, which limited Claimant to "low stress" work, did not provide the VE with sufficient guidance to determine whether she could perform her past relevant work. *Id.* at 6-7. As a result, Claimant contends that the ALJ's determination that she can perform her past relevant work is not supported by substantial evidence. *Id.* In response, the Commissioner argues that the ALJ complied with SSR 96-8p by completing a function-by-function analysis, and properly limited Claimant to "low stress" work in his hypothetical to the VE. Doc. No. 20 at 5-12. As a result, the Commissioner contends that the ALJ's decision is supported by substantial evidence. *Id.*

At step four of the sequential evaluation process, the ALJ must determine the claimant's RFC and ability to do past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). While the claimant bears the burden of showing that he or she can no longer perform his or her past relevant work, *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986), the ALJ bears the responsibility for determining the claimant's RFC. *See* 20 C.F.R. § 404.1527(d), (e). The RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)). "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).[4]

---

[4] The Eleventh Circuit has stated "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference[.]" *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010) (citations omitted).

At step two of the sequential evaluation process, the ALJ determined that Claimant's anxiety is a severe impairment. R. 18.[5]  At step four of the sequential evaluation process, the ALJ explicitly considered Claimant's anxiety, stating:

> [T]he [ALJ] notes the claimant has sought little treatment for [her anxiety]. Her primary care doctor appears to have given her some medication for her anxiety, but there does not appear to be any specific treatment other than the medication. If the impairment were as severe as the claimant alleges, then one would expect to see more treatment.
>
> The claimant underwent a consultative mental health examination with Daniel Van Ingen, Psy.D. The doctor found that despite having some difficulty dealing with stress, the claimant was able to work. In addition, the State's mental health expert, Jeffery Prickett, Psy.D., found the claimant's mental health impairment is not even severe. As these are uncontradicted and consistent with the medical evidence of record, the [ALJ] attaches great weight to them. Nevertheless, giving the claimant the benefit of the doubt, the [ALJ] will consider it a severe impairment and reduce the claimant's residual functional capacity accordingly. The [ALJ] finds the claimant's anxiety dictates that her [RFC] be reduced to reflect the work to be low stress.

R. 24-25 (citations omitted). The foregoing excerpt demonstrates that the ALJ considered the relevant medical and opinion evidence concerning Claimant's anxiety and the effects thereof on her ability to function, which ultimately led to the ALJ finding that Claimant is limited to performing "low stress" work. *Id*.  Therefore, the Court finds that the ALJ completed a proper function-by-function analysis with respect to the limitations caused by Claimant's anxiety, thus complying with the dictates of SSR 96-8p. Furthermore, the Court finds, upon review of the medical and opinion evidence of record, that the ALJ's determination that Claimant is limited to

---

[5] The ALJ also determined that Claimant suffers from other severe impairments, which are not relevant to the disposition of this case. R. 18.

performing "low stress" work is supported by substantial evidence. R. 24-25 (citing R. 327-30, 351-64, 625).[6]

Next, the Court must consider whether the ALJ erred in relying on the VE's testimony in determining that Claimant is capable of performing her past relevant work. After the ALJ has determined the claimant's RFC, the ALJ must determine whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). To support a conclusion that the claimant is able to perform his or her past relevant work, the ALJ must consider all the duties of that work and evaluate the claimant's ability to perform them in spite of his or her impairments. *Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990). Although VE testimony is not required in determining whether a claimant can perform his or her past relevant work, *see Id*. at 1573 n.2, the regulations provide that "the services of vocational experts or vocational specialists" may be used in making this determination because such an expert "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." *Hennes v. Comm'r of Soc. Sec. Admin.*, 130 F. App'x 343, 346 (11th Cir. 2005) (quoting 20 C.F.R. § 404.1560(b)(2)).[7] In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which is accurate and includes all of a claimant's limitations. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). However, the ALJ need not include "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or medical "findings

---

[6] Claimant does not challenge any aspect of the ALJ's determination (i.e., description of the medical evidence or weight assigned to medical source opinions) that she is limited to performing "low stress" work. Doc. No. 19 at 6-8. Instead, Claimant simply argues that a limitation to "low stress" work is not sufficiently definite. *Id*. at 6.

[7] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

. . . that the ALJ . . . properly rejected as unsupported" in the hypothetical question, *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

At the hearing, the ALJ posed a hypothetical consistent with his RFC determination, which included a limitation to "low stress" work. R. 46. In response to the ALJ's hypothetical, the VE testified that Claimant would be capable of performing her past relevant work as a cashier. R. 47. The ALJ subsequently relied on the VE's testimony in determining that Claimant could perform work her past relevant work as a cashier, thus concluding that Claimant is not disabled. R. 25-26.[8]

The ALJ's determination that Claimant is limited to "low stress" work is sufficiently defined. Claimant's argument to the contrary baldly suggests that the ALJ should have explained in further detail what "low stress" work entails. Doc. No. 19 at 6. Claimant fails to provide any supporting authority for the argument that a limitation to "low stress" work is insufficient for a VE to appreciate and use effectively. *Id*. at 6-8. In addition, Claimant fails to offer any argument as to how much more specific the ALJ should have been in this case. *Id*. at 6-8.[9] The Court finds that the limitation to "low stress" work is sufficiently definite, because that limitation, as discussed above, is supported by substantial evidence. Further undermining Claimant's argument is the fact that neither her counsel nor the VE questioned the meaning of "low stress" work at the hearing or offered any more precise terms to define that limitation. For these reasons, the Court finds that the VE's testimony provided substantial evidence that Claimant could perform her past relevant work as a cashier, and thus the ALJ did not err by relying on the VE's testimony.

---

[8] The ALJ did not proceed to step five of the sequential evaluation process. R. 26.

[9] Claimant cites to *Dunaway v. Astrue*, Case No. 8:06-cv-1567-T-EAJ, 2008 WL 1897603, (M.D. Fla. Apr. 28, 2008) in support of her argument. Doc. No. 19 at 7-8. However, this case is distinguishable as it deals with the ALJ's failure to include a hearing impairment that the ALJ found to be severe. *Dunaway*, 2008 WL 1897603, at *6-7. The case does not speak to the issue at bar, i.e., the need to describe what "low stress" work entails. Therefore, Claimant's reliance on *Dunaway* is misplaced.

**III.     CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment in favor of the Commissioner and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 20, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable James P. Alderisio
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
830 Central Ave 2nd Fl
St Petersburg, FL 33701-3630